On the trial the defendant's counsel produced as evidence of a set-off, a letter from one Hooper in South Carolina, to the defendant, dated about the year 1785, in which he acknowledged that he had received gold for the benefit of the defendant, a number of certificates, and in the same letter stated the proceeds of the sale. The defendant's counsel offered at the same time to prove that the real interest of the note was in Hooper, and that Stanly's executor was merely a nominal plaintiff.
To this evidence two objections were taken by the plaintiff's counsel. 1st. That as Stanly's executor appeared in the record to be the real plaintiff and only person entrusted in the note, no evidence could be *Page 72 
received to contradict the record, nor prove the property of the note to be in any other person, and consequently no debt, except one due from Stanly, could be set against it.2d. That the demand set up by Hooper was barred by the statute of limitations, and was not such an existing debt as would support a suit, and therefore would not be set off.
But these objections were both overruled by the Court, ASHE, J., and WILLIAMS, J., who said that if the interest of the note was in Hooper then demands of the defendant against him might be set up against it, for the debts were in fact mutual — that as the defendant had pleaded his set-off, the plaintiff ought to have replied the statute of limitations; and that a plaintiff can no more oppose this statute to a defendant's pleas without replying it, than a defendant can to the plaintiff's declaration without pleading it.
The defendant's counsel was proceeding to prove that the interest of the note was in Hooper, when the fact was admitted by the plaintiff's counsel and the set-off allowed.
Quaere of the propriety of this decision. 1. Because by no construction of any part of the record, could it be inferred that Hooper was concerned in interest. The fact ought to have been set forth in the plea, and although it is not the general practice of the bar in this State to draw out the pleadings at full length; yet every material fact which can not be intended in the ordinary form of the plea, ought at (68) least to be suggested on the docket. 2. Because it is reported that the Superior Court sitting at Edenton had before determined that the words "set-off," written on the docket should be considered as a notice of set-off only, and that all objections to the demand set up, might be taken at the trial.
Ex relatione Woods.
NOTE. — Upon the first point, see Hogg v. Ashe, 2 N.C. 471
(S.c., post, 233), and the cases referred to in the note thereto, and also the cases of State Bank v. Armstrong, 15 N.C. 519; Haywood v. McNair,14 N.C. 231; S. c., 19 N.C. 283; Haughton v. Leary, 20 N.C. 14; Buntingv. Ricks, 22 N.C. 130.
As to the second part, see McDowell v. Tate, 12 N.C. 249; Worth v.Fentress, ibid., 419. *Page 73 
NEW BERN, March Term, 1795.